Columbus **WRIGHT, et al.,**
**Plaintiffs-Appellants,**

v.

**CITY OF HOUSTON, MISSISSIPPI, et al., Defendants-Appellees.**

No. 86–4386.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1986.

Lawrence E. Young, Leonard McClellan, West Point, Miss., for plaintiffs-appellants.

---

James S. Gore, Houston, Miss., for defendants-appellees.

Before WILLIAMS, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

The district court in this case, under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, enjoined the City of Houston, Mississippi, from holding an election for its five at-large city aldermen. Applying the factors this Court set out in *Jones v. City of Lubbock*, 727 F.2d 364, 379, *reh'g den.*, 730 F.2d 233 (5th Cir.1984), the election at-large was found to be discriminatory on a racial basis.

The city then submitted a plan calling for four aldermen to be elected from separate districts and the fifth alderman to be elected at-large. Under this plan it is agreed that one of the four districts carried a clear black majority. Appellants Wright and Hiner submitted an alternative plan for five individual electoral districts, two of which would contain a majority of black voters.

The overall voter proportion for the county is approximately 70% white and 30% black. Thus, realistically, the alternative plan would tend to foster a 40% black representation on the board of aldermen in contrast to the 30% voting power, and the city plan would tend to result in a 20% black representation on the board of aldermen but with one alderman elected at large.

The district court entered judgment accepting the city's proposed plan of four aldermen elected by district and one at large. In doing so, the district court in terms declined to apply the *City of Lubbock* factors to the evaluation of the plan proposed by the city and its alternative proposed by the appellants. The court deemed that these factors were not relevant to a new plan. Timely appeal was filed.

In *Seastrunk v. Burns*, 772 F.2d 143, 149 (5th Cir.1985), we had held that the *City of Lubbock* factors, developed from the legislative history of the Voting Rights Act of 1964, needed to be applied to proposed new voting districts and district plans as well as to the evaluation of the legality of past plans. The district court in the case before us, however, had made its decision on May 1, 1986, so it did not have the benefit of the Supreme Court's decision in *Thornburg v. Gingles*, —— U.S. ——, 106 S.Ct. 2752, 2763, 92 L.Ed.2d 25 (1986). In *Thornburg* the Court confirmed the *Seastrunk* requirement by specifically applying the various legislative history factors in evaluating a new voting plan.

It follows that we must conclude that the district court was in error in failing to consider the factors growing out of the enactment of the Voting Rights Act of 1964 and enumerated in the *City of Lubbock* case in evaluating the proposed city plan and the alternative plan for Houston, Mississippi. The authority of these cases, *City of Lubbock*, *Seastrunk*, and *Thornburg*, requires us to remand the case to the district court for a reconsideration of the legality of the proposed city plan through an evaluation by use of the enumerated factors as they are adaptable to a new plan which does not have in itself a history of past results.

In remanding the case we recognize that the district court is not required to choose what might be considered to be the "superior" plan. If the local government plan is found not to violate statutory provisions or the Constitution, the Supreme Court has held that the district court must accept such a plan. *Upham v. Seamon*, 456 U.S. 37, 40, 102 S.Ct. 1518, 1520, 71 L.Ed.2d 725 (1982). *See also Seastrunk*, 772 F.2d at 151.

REVERSED AND REMANDED.